BARBER & ROSS, Inc., v. WHITE.

(Court of Appeals of District of Columbia.
Submitted March 1, 1926. Decided
April 5, 1926.)

No. 4339.

1. **Accord and satisfaction** ⬳26(3)—Debtor's execution of trust deed and trustees' declaration of trust held, under evidence, not accepted by creditor in satisfaction of note sued on.

Execution of trust deed by debtor, and declaration of trust by trustees to effect that they held property conveyed in trust to manage and convey, and from proceeds to pay debts, *held*, under evidence, not accepted by creditor in satisfaction of note sued on.

2. **Accord and satisfaction** ⬳26(1).

Defendant admitting execution and delivery of note sued on, but pleading accord and satisfaction, has burden of proof.

3. **Accord and satisfaction** ⬳26(1).

Debtor's execution of trust deed and trustee's declaration of trust in favor of creditors will not be presumed to have been accepted in satisfaction of grantor's debts.

In Error to the Municipal Court of the District of Columbia.

Action by Barber & Ross, Inc., against L. Gibbon White. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

H. F. Woodard, of Washington, D. C., for plaintiff in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This case was begun in the municipal court by the filing of a declaration wherein Barber & Ross, Inc., claimed judgment against L. Gibbon White in the sum of $350 and interest, upon a certain promissory note for that amount executed and delivered by the latter to the former on November 7, 1924, payable two months after date, which the plaintiff claimed to be due and unpaid.

The defendant denied indebtedness upon the note, pleading that on July 28, 1924, he had conveyed certain lands situate within the District of Columbia to Sansbury and Maury as trustees, in full satisfaction and discharge of all the indebtedness then due from him to the plaintiff, of which the amount of the promissory note sued upon was a part, and that the plaintiff had then and there accepted and received said deed of conveyance and trust agreement as a full satisfaction,

12 F.(2d)—12

settlement, and discharge of all the sums of money in the plaintiff's action mentioned. The issue was tried to the Municipal Court upon the evidence, and judgment was rendered for the defendant. The case is here for review.

The record discloses that on September 30, 1924, the defendant, White, was indebted to the plaintiff, Barber & Ross, Inc., in the aggregate sum of $11,658.40, made up of an open account for $7,678.40, and two promissory notes for $3,500 and $480, re-respectively, and was also indebted to the District National Bank in the sum of $38,-071.47, and that on that day the trustees aforesaid to whom defendant had conveyed said real estate on July 28th, as aforesaid, executed a declaration of trust with the knowledge and consent of the plaintiff, to the effect that they held said real estate in trust, to manage, control, lease, mortgage, or sell and convey the same, and from the proceeds pay the aforesaid debts due to plaintiff and the bank, and after reserving their compensation should pay the residue, if any, to defendant. Defendant claims that the plaintiff thereby accepted and substituted the said conveyance and declaration of trust in full and complete satisfaction of its said claims, and had discharged the defendant from the payment thereof, except in the manner set forth in said declaration of trust.

It does not appear from the record whether the trustees have sold the trust property in whole or in part. It is stated, however, that they have not paid the account due on September 30, 1924, to the plaintiff, in the sum of $11,658.40, nor the promissory note then due, for $3,500. It appears that the promissory note for $480 due the plaintiff at that time was curtailed from time to time until on November 7, 1924, the amount due upon it was reduced to the sum of $350, whereupon defendant gave a renewal note to the plaintiff for that amount, which is the note sued upon in this case. It appears, also, that on August 13, 1924, the plaintiff, when sending a statement of its claims against defendant, wrote:

"We wish it distinctly understood, however, that in accepting a distributive share that we do not waive our rights to hold Mr. White for the balance due us under this statement. Any amount we may receive from you will be credited to Mr. White's account on account and not accepted in full settlement. We believe we should have a statement of what property Mr. White has, what interest he has in them, and also any

other securities he may have. We trust that you can get this for us."

[1-3] Upon a review of the record we think that the judgment of the Municipal Court was erroneous. The defendant admitted the execution and delivery of the promissory note sued upon, but pleaded what in effect was an accord and satisfaction thereof. The burden of proof, accordingly, rested upon the defendant to establish that claim by a preponderance of the evidence. It is not to be presumed that the declaration of trust was intended and understood by the parties to be a satisfaction or extension of the plaintiff's debt. The record, however, contains no evidence of such an agreement; to the contrary, the above statement made by the plaintiff, and the subsequent execution by the defendant of the renewal note now sued upon, strongly rebut such a claim.

The judgment of the Municipal Court is therefore reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.